532 So.2d 524 (1988)
STATE of Louisiana, ex rel., William J. GUSTE, Jr., Attorney General, and Jerry G. Jones, District Attorney, In and For the Parish of Cameron, State of Louisiana
v.
Herbert W. THOMPSON, Commissioner of Conservation, Louisiana Department of Natural Resources and Big Diamond Truck Service, Inc.
No. CA 87 1055.
Court of Appeal of Louisiana, First Circuit.
October 12, 1988.
*525 Gary Keyser and Timothy Hardy, Baton Rouge, for plaintiff-appellant the State of La., ex rel. William J. Guste, Jr., Atty. Gen. and the Cameron Parish Police Jury.
Jerry Jones, Dist. Atty. Cameron Parish, Cameron, George Gibson, New Orleans, for defendant-appellee Herbert Thompson, Com'r of Conservation La. Dept. of Natural Resources.
Donald Harang, Jr., La Rose, and Bernard McLaughlin, Jr., Lake Charles, for defendant-appellee Big Diamond Truck Service, Inc.
Before CARTER, LANIER and LeBLANC, JJ.
LANIER, Judge.
This action is a suit for judicial review and injunction brought pursuant to La.R.S. 30:12 by the State of Louisiana (State) through the Attorney General and the Cameron Parish Police Jury (Parish) through the District Attorney against the Commissioner of the Office of Conservation of the Department of Natural Resources of the State of Louisiana (Commissioner) and Big Diamond Truck Service, Inc. (Big Diamond). The State and Parish assert the Commissioner failed to follow his own rules and regulations when he granted permits to Big Diamond to operate a nonhazardous oilfield waste disposal facility, the permits should be revoked and Big Diamond should be enjoined from conducting further operations at the facility until it obtains new permits. Big Diamond and the Commissioner each filed peremptory exceptions raising the liberative prescription (peremption) of La.R.S. 30:12(A)(2). The trial court sustained the exception and dismissed the petition with prejudice. This devolutive appeal followed. La.R.S. 30:15.

FAILURE TO HAVE TRIAL OF EXCEPTION

(Assignments of Error Numbers 1, 2 and 4)
The State and Parish assert the "District Court improperly rendered judgment without the taking of any evidence and without relying upon briefs by the parties." They further contend that the "District Court improperly sustained Appellees' peremptory exception of prescription and further did so without a hearing" and that "the public has been denied a full and fair hearing, both at the administrative level and in the District Court." Finally, the State and Parish assert the "District Court rendered judgment without having a proper administrative record before it, only a file of correspondences [sic] and application documents" and contend "there is no evidence in the record of any factors considered by the District Court in finding that the permit should be maintained." However, Big Diamond responds in brief that "Appelles [sic] filed exceptions of prescription which, after extensive briefing and several hearings conducted by the Lower Court, were sustained and appellants [sic] action was dismissed."
The trial court's judgment provides, in pertinent part, as follows:

This matter came to be heard on March 4, 1987, and was submitted to the Court for adjudication on the administrative record of the actions of the Commissioner of Conservation, HERBERT W. THOMPSON, granting approval to Defendant, BIG DIAMOND TRUCK SERVICE, INC., to update and modernize a previously permitted nonhazardous oil field waste facility in Cameron Parish. Present were the following: Gary L. Keyser and Tim Hardy, Assistant Attorney Generals, for the *526 STATE OF LOUISIANA, EX REL WILLIAM J. GUSTE, JR., ATTORNEY GENERAL; JERRY G. JONES, DISTRICT ATTORNEY OF THE PARISH OF CAMERON; Veil David DeVillier, for HERBERT W. THOMPSON, COMMISSIONER OF CONSERVATION, LOUISIANA DEPARTMENT OF NATURAL RESOURCES; and Bernard H. McLaughlin, Jr., for BIG DIAMOND TRUCK SERVICE, INC.
The Court considering the law and the evidence to be in favor of Defendants, HERBERT W. THOMPSON, COMMISSIONER OF CONSERVATION, LOUISIANA DEPARTMENT OF NATURAL RESOURCES and BIG DIAMOND TRUCK SERVICE, INC., for the reasons contained in the Written Reasons for Judgment of this Court dated the 2nd day of June, 1987;[.] [Emphasis added.]
However, the official court minutes of record show the following:

MINUTES OF COURT
MONDAY, NOVEMBER 24, 1986
Assigned for hearing on January 9th, 1987 at 9:30 a.m. on rule to show cause filed by plaintiffs, State of Louisiana, et al.
FRIDAY, JANUARY 9, 1987
This matter was called for hearing on petition for judicial review of unlawful actions that have been undertaken by both defendants. Memoranda of authority not having been filed timely, inaccordance [sic] with the Rules of Court, petition is dismissed subject to refiling.
TUESDAY, JUNE 2, 1987
The Court, ex proprio motu, reverses itself as to the dismissal of the petition on January 9, 1987, and now considers the petition for review on its merits. Judgment is rendered in accordance with oral reasons filed in the record.
The exception of prescription filed herein Herbert W. Thompson, Commissioner of Conservation, Louisiana Department of Natural Resources, is sustained and plaintiff's suit is dismissed at plaintiff's costs.
Judgment will be signed accordingly. Notify counsel with copies of oral reasons.
TUESDAY, JUNE 30, 1987
Judgment rendered in favor of defendants, sustaining defendants' Exception of Prescription, for the reasons contained in Written Reasons for Judgment dated June 2, 1987; further, plaintiff's suit is dismissed with prejudice at plaintiff's cost; judgment signed and filed. See decree.
On motion of counsel for plaintiffs, a devolutive appeal was entered herein from the judgment signed on June 30, 1987, returnable to the Court of Appeal, First Circuit, according to law.
There is no minute entry for a trial of an exception on March 4, 1987, or at any other time. The record contains no transcript for a trial of an exception. There are no exhibits in the record marked filed in evidence by the clerk.
La.R.S. 30:12 provides for special procedures to be used by the district court for judicial review of the Commissioner's actions. A review of these procedures shows they are applicable to the trial of the merits of the controversy. There are no special procedures provided in La.R.S. 30:12 for the trial of an exception in the district court. In the absence of such special procedures, the general provisions of the Code of Civil Procedure are applicable. Cf. Corbello v. Sutton, 446 So.2d 301 (La. 1984). La.C.C.P. art. 929 provides that, when a peremptory exception is pleaded before an answer,[1] it "shall be tried and decided in advance of the trial of the case." [Emphasis added.] La.C.C.P. art. 931 provides that, at the trial of a peremptory exception, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." On the face of the record before us, nothing was filed in evidence at a trial of an exception, if such a *527 trial were held. In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Capital Drilling Company v. Graves, 496 So.2d 487 (La.App. 1st Cir. 1986). The claims of the State and the Parish are not prescribed on the face of the petition. The burden was on the Commissioner and Big Diamond to prove the facts to support their objection of prescription in this procedural posture. Trainer v. Aycock Welding Company, 421 So.2d 416 (La.App. 1st Cir.1982). On the face of the record before us, the Commissioner and Big Diamond have failed to carry that burden.[2]
Pursuant to La.R.S. 30:12(B)(2), the Commissioner is required to "transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review" within thirty days after service of the petition on him. There is no such document in the record before us. It would appear that the trial court judge considered some type of administrative record because he made the following observations in his reasons for judgment:
This Court finds that the Commission followed the law with respect to its hearings and the issuance of the four permits that the Commission granted to Big Diamond. Pursuant to these permits, Big Diamond has expended in excess of one million dollars in constructing modifications to dispose of non-hazardous oilfield waste and was within three weeks of completing the entire project when litigation resulted in a voluntary cessation of curative work by Big Diamond.
This Court finds that the original permit was legally issued after proper procedures were followed by the proper agency, i.e., the Louisiana Department of Natural Resources, on November 20, 1985. LSA-R.S. 30:12 provides that any judicial challenge to the issuance of such a permit must be filed within sixty days of the issuance of such permit. The record reflects that this challenge by Attorney General Guste was filed on November 17, 1986, which date is long after the prescriptive date set forth in LSA-R. S. 30:12.
Ordinarily, the inadequacy of a record is imputable to the appellant. Ronald Adams, Contractor, Inc. v. State, Department of Transportation and Development, 464 So.2d 1003 (La.App. 1st Cir. 1985). However, the inadequacy of an appellate record for which an appellant is responsible cannot operate to the detriment of an appellee. Department of Health & Human Resources v. Payton, 498 So.2d 181 (La.App. 1st Cir.1986). Thus, if there were a trial of the exception in the district court and/or the record of the administrative procedure before the Commissioner was filed, and the appellants failed to transmit a complete record to us, this inadequacy cannot be used to reverse the judgment in favor of the appellees. Conversely, if there never was a trial of the exception (as contended by the appellants), then it will be necessary to reverse the judgment rendered in favor of the appellees and remand this matter to the district court for such a trial.
The inadequacies of the record prevent us from properly adjudicating this case. In the interest of justice, we will remand this case for an evidentiary hearing on the issue of whether or not there was a trial of the exception and to supplement the record with the original or a certified copy of the entire record of the administrative proceeding under review. La.C.C.P. arts. 2132 and 2164; Jordan v. Sutton, 401 So.2d 389 (La.App. 1st Cir.1981).

DECREE
For the foregoing reasons, the following orders are entered herein:
(1) this action is remanded to the district court which shall (a) hold an evidentiary *528 hearing[3] to determine whether or not there was a trial of the peremptory exceptions raising the objection of prescription (peremption), and (b) supplement the record with the original or a certified copy of the administrative proceeding under review;
(2) if the district court finds as a fact that a trial was held, the record shall be supplemented with all pertinent minutes, transcripts and evidence adduced at the trial and returned to this court, reserving to the appellants the right to assign error on this factual determination;
(3) if the district court finds as a fact that no trial was held, it shall vacate its prior judgment, hold a trial, render a new judgment which shall be supported by written reasons, and supplement the record with all pertinent minutes, transcripts and evidence adduced at the trial, reserving to the appellees the right to seek a supervisory writ to this court for our review of the factual determination that a trial was not held, and, in the absence of such, this appeal will be mooted; and
(4) this court shall retain appellate jurisdiction over this case until it is finally decided or this appeal becomes moot.[4]
REMANDED.
NOTES
[1] Big Diamond filed its exception on December 15, 1986. Big Diamond did not file an answer. The Commissioner filed his exception and his answer in separate pleadings on January 6, 1987.
[2] The briefs of the parties assert facts which are not in the record and refer to exhibits which have not been filed in evidence in the record. An appellate court may not consider evidence which is outside the record. La.C.C.P. art. 2164. The briefs of the parties and the attachments thereto are not part of the record on appeal. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1st Cir.1984). In addition, we may not consider exhibits filed in the record which were not filed in evidence, unless authorized by law to do so. See, for example, La.C. C.P. arts. 966 and 967.
[3] If the district court judge who originally heard this case becomes a witness, it will be necessary to reassign the case to another division of the court for the evidentiary hearing.
[4] Since we have retained appellate jurisdiction, we do not at this time assess costs. Further, public bodies may appeal without the payment of costs. La.R.S. 13:4521.