669 So.2d 463 (1995)
OUR LADY OF THE LAKE HOSPITAL, Dr. Charlie Bridges, et al.
v.
Jake VANNER.
No. 95 CA 0754.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
Rehearing Denied March 5, 1996.
*464 Jake Vanner, Baton Rouge, in pro. per.
T. MacDougall, Baton Rouge, for Appellee Our Lady of the Lake Hospital.
Ronald A. Seale, Baton Rouge, for Appellee Dr. Charlie Bridges.
Before LeBLANC, WHIPPLE and FOGG, JJ.
FOGG, Judge.
In this medical malpractice case, Jake Vanner appeals from a judgment of the trial court sustaining the peremptory exception raising the objection of prescription filed by Our Lady of the Lake Hospital, Inc. (OLOL) and Dr. Charlie Bridges (hereinafter collectively referred to as "plaintiffs"). For the following reasons, we remand.
The plaintiffs filed suit against Vanner, alleging that Vanner filed a medical malpractice complaint against them with the Louisiana Patient's Compensation Fund. The plaintiffs alleged that they filed suit in order to file a peremptory exception raising the objection of prescription as to Vanner's medical malpractice complaint, as authorized under LSA-R.S. 40:1299.47(B)(2)(a).[1] Along with their petition, the plaintiffs filed a peremptory exception raising the objection of prescription. According to the exception, Vanner filed his complaint with the Fund on September 3, 1993, and, based on medical records, the alleged act of malpractice occurred on or about February 2, 1989. In their exception, the plaintiffs alleged that under LSA-R.S. 9:5628, Vanner had knowledge of sufficient facts of the alleged act of malpractice to begin the running of the one year prescriptive period, such that Vanner's complaint was prescribed. Attached to the exception was a memorandum, and appended to the exception and memorandum were exhibits. The exhibits attached were Vanner's malpractice complaint, his deposition, and medical records as well as a letter to Vanner's attorney from a urologist Vanner consulted.
The trial court set the exception for hearing on April 18, 1994. On April 13, 1994, Vanner filed a motion for continuance. According to the trial court's judgment, the matter came before the court on April 18, 1994, concerning the plaintiffs' exception of prescription and Vanner's motion for continuance. The judgment states that after considering the memoranda which were submitted, the oral argument by the parties, the law and the evidence, the court denied the motion for continuance, sustained the exception of prescription and dismissed the suit as well as the medical malpractice complaint. On appeal, Vanner contends the trial court erred in denying his motion for continuance and in sustaining the exception. We pretermit the first assignment of error, finding that the second assignment of error has merit.
If a plaintiff's claims are not prescribed on the face of the petition, the burden is on the party raising the objection of prescription to prove the facts to support the objection. Tranum v. Hebert, 581 So.2d 1023 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991). However, if on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Younger v. Marshall Industries, Inc., 618 So.2d 866 (La.1993). At the trial of a peremptory exception, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." LSA-C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. State ex rel. Guste v. Thompson, 532 So.2d 524 (La.App. 1st Cir.1988). According to the judgment and minute entry for April 18, 1994, evidence was introduced at the hearing on the exception *465 of prescription.[2] However, the record contains no evidence and does not indicate what evidence was introduced at the hearing, as there was no transcript of the hearing.[3] Pursuant to LSA-C.C.P. art. 2164, an appellate court must render its judgment upon the record on appeal. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, unless otherwise designated. LSA-C.C.P. arts. 2127 and 2128; Official Revision Comment (d) for LSA-C.C.P. art. 2127. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Tranum v. Hebert, 581 So.2d at 1026. The record before us contains a memorandum in support of the peremptory exception which was supplemented with exhibits. We may not consider exhibits filed in the record which were not filed in evidence unless authorized by law to do so, such as under LSA-C.C.P. arts. 966 and 967. Tranum v. Hebert, 581 So.2d at 1027; State ex rel. Guste v. Thompson, 532 So.2d at 527 n. 2. We are not authorized to consider as part of the record exhibits attached to a peremptory exception or a memorandum in support of a peremptory exception, and as this memorandum and exhibits were not filed in evidence, they are not part of the record on appeal.
Under LSA-R.S. 40:1299.47(B)(2)(a), the plaintiffs had the burden of proving that Vanner's claim was prescribed. Because we are not authorized by law to consider the plaintiffs' attachments to their memorandum in support of their exception and because the record before us at this time contains no evidence submitted by the plaintiffs to support their exception, we find that the plaintiffs failed to meet their burden of proof.
However, both the minute entry and the judgment state that evidence was introduced at the hearing on the exception. Ordinarily, the inadequacy of a record is imputable to the appellant. State ex rel. Guste v. Thompson, 532 So.2d at 527. However, the inadequacy of an appellate record for which an appellant is responsible cannot operate to the detriment of an appellee. State ex rel. Guste v. Thompson, 532 So.2d at 527. Thus, if evidence was introduced at the hearing on the exception and the appellant failed to transmit a complete record to this court, this inadequacy cannot be used to reverse the judgment in favor of the appellees. State ex rel. Guste v. Thompson, 532 So.2d at 527. Conversely, if evidence was not introduced at the hearing on the exception, then it will be necessary to reverse the judgment rendered in favor of the appellees due to their failure to meet their burden of proof that Vanner's claim is prescribed. State ex rel. Guste v. Thompson, 532 So.2d at 527.
In the interest of justice, we will remand this case for an evidentiary hearing on the issue of whether the evidence was introduced and for supplementation of the record with the evidence, if properly introduced. LSA-C.C.P. arts. 2132 and 2164. See State ex rel. Guste v. Thompson, 532 So.2d at 527-528.

DECREE
For the foregoing reasons, the following orders are entered herein:
*466 (1) this action is remanded to the district court which shall hold an evidentiary hearing to determine whether evidence was introduced at the hearing on the peremptory exception raising the objection of prescription;
(2) if the district court finds as a fact that evidence was properly introduced, the record shall be supplemented with all pertinent evidence introduced at the hearing and returned to this court, reserving to the appellant the right to assign error on this factual determination;
(3) if the district court finds as a fact that no evidence was introduced, it shall vacate its prior judgment, reserving to the appellees the right to seek a supervisory writ to this court for our review of the factual determination that evidence was not introduced, and, in the absence of such, this appeal will be mooted and Our Lady of the Lake Hospital, Inc. (OLOL) and Dr. Charlie Bridges are cast for costs of this appeal; and
(4) this court shall retain appellate jurisdiction over this case until it is finally decided or this appeal becomes moot.[4]
REMANDED.
NOTES
[1] LSA-R.S. 40:1299.47(B)(2)(a) states,

A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.
[2] The minute entry for April 18, 1994, states, in pertinent part, "This matter came on for hearing on Exception of Prescription.... On the Exception of Prescription documentary evidence was introduced...."
[3] While the record contains a document following the memorandum in support of the exception which bears an unsigned file stamp dated April 18, 1994, this document is insufficient to show that the attachments to the memorandum were introduced into evidence at the hearing on the exception. This untitled document states in its caption, "IN ACCORDANCE WITH LOCAL RULE VIII, ADDRESSES AND TELEPHONE NUMBERS OF ALL COUNSEL AND/OR PARTIES TO BE NOTIFIED" and simply bears Vanner's name, address and telephone number, and the name, address and telephone number of counsel for Dr. Bridges and OLOL. Immediately following the document is a document setting forth a certificate of service as to the memorandum in support of the exception dated February 24, 1994. None of the exhibits which follow this document are file-stamped.

Additionally, at the beginning of the record, the clerk's office inserted a page entitled, "CIVIL EVIDENCE LIST" which states, "NO EXHIBITS HAVE BEEN FILED WITH CLERK OF COURT AS OF MARCH 30, 1995. NOTE: THE PCF NO. 93-352 MALPRACTICE COMPLAINT WAS NOT FILED WITH CLERK OF COURT OR THE JUDGE'S OFFICE."
[4] Since we have retained appellate jurisdiction, we do not at this time assess costs except as set forth above in paragraph (3).