666 So.2d 1323 (1996)
McINNIS BROTHERS CONSTRUCTION, INC., Plaintiff-Appellee,
v.
PEOPLES WATER SERVICE COMPANY OF LOUISIANA, INC., Defendant-Appellant.
No. 28216-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1996.
Phelps Dunbar by Ronald J. White, M. Nan Alessandra, New Orleans, for Appellant.
A. Michael Boggs, Bossier City, for Appellee.
Before BROWN, STEWART and GASKINS, JJ.
STEWART, Judge.
Plaintiff-appellee, McInnis Brothers Construction, Inc. ("McInnis"), filed this lawsuit against defendant-appellant, The Peoples Water Service Company of Louisiana, Inc. ("Peoples"), seeking to recover damages and the balance due under a construction contract. In response to McInnis' petition, Peoples filed a declinatory exception of improper venue. The trial court denied the exception, and now Peoples appeals. Because we find this is the type of interlocutory judgment which can cause irreparable damage, we therefore exercise appellate jurisdiction to consider the issue. Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Olinde v. Couvillion, 94-1275 (La.App. 4th Cir. 02/23/95), 650 *1324 So.2d 1241; LSA-C.C.P. Art. 2083. However, for the following reasons, we affirm the judgment of the trial court.

FACTS
According to the pleadings, testimony and other documents found in the record, Peoples is a domestic corporation with its registered office located in Orleans Parish. McInnis is also a domestic corporation. Its principal place of business located in Webster Parish.
During the spring of 1993, Peoples published a "Request for Bids" seeking proposals for the installation of two "air strippers" at its plant located in Morehouse Parish. McInnis responded to the request and, on April 7, 1993, submitted its bid proposal. After Peoples received McInnis' proposal, the parties began negotiating the price and terms of the work to be performed. Eventually, in January 1994, Peoples accepted McInnis' bid and prepared a written contract for both parties to sign.
On January 26, 1994, after receiving the written contract, McInnis' president, J.L. McInnis, now deceased, signed it in Webster Parish. McInnis then returned the contract to Peoples who then had its president, Sherlock S. Gillet, sign it in Baltimore, Maryland.
Shortly after the contract was executed, McInnis commenced performance as agreed. Eventually, however, a dispute concerning the parties' respective obligations under the contract arose. As a result, Peoples failed to pay the remaining balance under the contract and McInnis filed a "Statement of Lien and Privilege" against the Peoples' plant located in Morehouse Parish. McInnis then instituted this action in Webster Parish to recover damages and to collect the balance due under the contract.

DISCUSSION
In its first assignment of error, Peoples contends the trial court erred in failing to apply LSA-C.C.P. Art. 80, exclusively, to govern venue in this case. First, it argues that LSA-C.C.P. Art. 80 applies because this case involves a Private Works Act lien filed against immovable property and, therefore, is an action to assert a right against immovable property. Second, it contends that LSA-C.C.P. Art. 80 is in conflict with the other applicable venue provisions, i.e., LSA-C.C.P. Arts. 42 and 76.1. Therefore, Peoples argues, due to the conflict in the applicable venue provisions, LSA-C.C.P. Art. 45 resolves the conflict and mandates that LSA-C.C.P. Art. 80 govern venue exclusively.
We find this argument meritless. A civil action is a demand for the enforcement of a legal right. LSA-C.C.P. Art. 421; Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). Such an action is commenced by filing a pleading presenting the demand to a court of competent jurisdiction. LSA-C.C.P. Art. 421. In this case, McInnis's action did not demand the recognition of a Private Works Act lien or the enforcement of a legal right against immovable property. The object of McInnis' demand was to recover the outstanding balance on the contract, plus lost interest, attorney's fees, court costs, judicial interest and the cost of filing and preparing the Statement of Lien and Privilege. Therefore, we conclude that the trial court did not err in finding this matter to be an action on a contract and that LSA-C.C.P. Art. 80 does not apply in this case.
This assignment of error lacks merit.
In its second assignment of error, Peoples contends the trial court erred in finding that the contract was executed in Webster Parish for the purpose of establishing venue under LSA-C.C.P. Art. 76.1. It argues that both parties had to sign the written contract before either party became bound by their agreement. It further argues that a contract must be binding and enforceable before it can be considered as having been executed. Therefore, Peoples contends, since McInnis signed the contract first and was the only party who signed it in Webster Parish, the contract was not executed there but, instead, was executed in Maryland, where it was signed last.
*1325 The Louisiana Supreme Court recently settled this issue in Jordan v. Central Louisiana Elec. Co., Inc., 95-1270 (La. 06/23/95), 656 So.2d 988. In that case, the court held that a contract, including one which must be signed by the parties before it becomes valid and enforceable, may be executed in more than one parish. The court then construed LSA-C.C.P. Art. 76.1 as authorizing venue in any of the parishes in which the contract was executed. Citing Kellis v. Farber, 523 So.2d 843 (La.1988), the court explained that Article 76.1 should no longer be strictly construed as was formerly required under Hawthorne Oil & Gas Corp. v. Continental Oil, 377 So.2d 285 (La.1979); Article 76.1 is no longer an exception to the general "home base" venue rule set forth in Article 42 but, instead, is part of that rule.
In this case, considering that Peoples sent the contract to Webster Parish to be executed by McInnis, and that McInnis actually executed it there, we conclude that, under LSA-C.C.P. Art. 76.1, venue is proper in Webster Parish. Accordingly, the trial court did not err in finding venue proper in Webster Parish.
This assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to appellant, The Peoples Water Service Company of Louisiana, Inc.
AFFIRMED.