682 So.2d 1291 (1996)
HIBERNIA NATIONAL BANK, Plaintiff-Appellee,
v.
ORLEANS REGIONAL HOSPITAL, L.L.C., and Tenet Healthcare Corporation (f/k/a) National Medical Enterprises, Inc., Defendants-Appellants.
No. 28,982-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1996.
Rehearing Denied December 5, 1996.
*1292 Davidson, Nix & Jones by Randall S. Davidson, S. Christopher Slatten, Shreveport, for Appellant-Orleans Regional Hospital.
Windhorst, Gaudry, Ranson, Higgins & Gremillion, L.L.P. by Daniel A. Ranson, David J. Dowell, Jr., Gretna, for Appellee-Tenet Healthcare Corporation.
Hargrove, Pesnell & Wyatt by A.L. Wedgeworth, Scott C. Sinclair, Shreveport, for Hibernia National Bank.
Before MARVIN, BROWN and GASKINS, JJ.
GASKINS, Judge.
The appellant, Orleans Regional Hospital, appeals from a trial court judgment granting an exception of improper venue filed by Tenet Healthcare Corporation. The trial court found that venue for this concursus proceeding is proper in Orleans Parish and transferred the matter to that parish. For the following reasons, we affirm the trial court judgment.

FACTS
National Medical Enterprises, Inc. (NME), leased the F. Edward Hebert Hospital in New Orleans from the United States Navy.[1] In 1993, NME subleased space in the hospital to Orleans Regional Hospital (ORH). ORH posted a $500,000.00 standby letter of credit with Hibernia to insure its performance under the sublease. Under the terms of this letter of credit, NME could make demand on the bank for payment of the $500,000.00 if ORH defaulted on a letter agreement between the parties, relating to the sublease agreement. ORH contends that this sublease and letter of credit expired. A new sublease was executed in 1994 with a $500,000.00 standby letter of credit issued by Pioneer Bank and Trust.
In June, 1995, ORH and NME attempted to settle a series of disputes under the 1994 sublease. As part of the attempted compromise, a new $500,000.00 standby letter of credit was issued by ORH, in favor of NME, through Hibernia. It is this 1995 letter of credit that is at issue in the present concursus proceeding.[2] Under the terms of the letter of credit, in order to receive payment, NME was required to certify that ORH was in default of "that certain letter agreement dated November 29, 1993 by and between National Medical Enterprises, Inc. (sublessor), and Orleans Regional Hospital, L.L.C. (sublessee), relating to that certain sublease agreement between said parties of even date with said letter agreement."
On December 20, 1995, Tenet Healthcare Corporation made demand upon Hibernia for payment of the standby letter of credit, making the required certification that ORH defaulted on the terms of the November 29, 1993 letter agreement, relating to the sublease between the parties. Arguing that a November 29, 1993 letter agreement did not exist, ORH objected to the payment of the letter of credit, reasoning that there could be no default of that agreement. ORH also argued that Tenet violated the terms of the 1994 agreement to settle the dispute between the parties. ORH asserted that the demand for payment of the letter of credit was defective and also contended that any sublease between the parties was null and void and hence, payment was not due on the letter of credit.
On December 27, 1995, Hibernia filed a concursus proceeding in Bossier Parish, where ORH is domiciled, naming ORH and Tenet as defendants and citing the dispute *1293 between these parties.[3] Hibernia was allowed to deposit the $500,000.00 into the registry of the court. In the petition, Hibernia alleges that Tenet was formerly known as NME, a Nevada corporation, which previously was duly qualified to do business in the State of Louisiana, but has withdrawn from doing business in this state. Hibernia stated that NME made demand for payment of the letter of credit and ORH objected to the payment. Exhibits accompanying Hibernia's concursus petition included ORH's 1995 application for an irrevocable standby letter of credit, the letter of credit agreement between Hibernia and ORH, the standby letter of credit dated June 29, 1995, Tenet's request on December 20, 1995 for payment of the letter of credit and various items of correspondence reflecting the dispute between the parties.
ORH answered Hibernia's petition, alleging that the reference to a November 29, 1993 letter agreement between ORH and Tenet could have been erroneous and that such a document may never have existed. Therefore, ORH asserted that the letter of credit was defective on its face because ORH was not indebted to NME or Tenet under the 1993 letter agreement. ORH acknowledged that a new sublease was executed in 1994 and attached a copy of it to its answer. However, ORH asserted that it was not indebted to NME or Tenet under any circumstance because NME/Tenet had defaulted on agreements to settle disputes between the parties and therefore, any sublease between the parties was null and void.
On February 8, 1996, Tenet filed exceptions of improper venue and lis pendens. Under the exception of improper venue, Tenet argued that the concursus proceeding involved a dispute or competing claim for money due or claimed to be due on account of a transaction pertaining to immovable property in Orleans Parish and that, under the provisions of La. C.C.P. art. 4653(B), venue is proper only in Orleans Parish. La. C.C.P. art. 4653 provides as follows:
A. Except as provided in the second paragraph of this article, a concursus proceeding may be brought in any parish of proper venue, under Article 42 only, as to any claimant impleaded therein.
B. If the competing or conflicting claims are for money due or claimed to be due on account of, or otherwise involve, any sale, lease, or other transaction affecting or pertaining to immovable property or any character of interest therein, the proceeding shall be brought in the parish where the immovable property or any part thereof is situated.
On the exception of lis pendens, Tenet argued that it filed suit against ORH in Orleans Parish on these same issues on December 22, 1995. Tenet argued that its suit predated and supersedes the present concursus proceeding filed by Hibernia on December 27, 1995.
A hearing on the exceptions was held on March 7, 1996. ORH argued that this matter concerns a letter of credit, not a lease of immovable property. Therefore, according to ORH, which is domiciled in Bossier Parish, venue is proper in that parish under La. C.C.P. art. 4653(A).[4]
Tenet argued that the factual background of the case involves a sublease of immovable property in New Orleans between ORH and Tenet. Tenet asserted that the agreement between the parties specified that a letter of credit would be provided by ORH for $500,000.00 to guarantee its performance of the sublease with Tenet. Therefore, because the letter of credit was given to secure performance of a sublease of property in Orleans Parish, Tenet argued that venue was proper in Orleans Parish and was not proper in Bossier Parish. Hibernia did not object to a transfer of the matter to Orleans Parish.
*1294 The trial court found that the action involved a sublease of property in Orleans Parish and, under the mandatory provisions of La. C.C.P. art. 4653(B), the action must be brought in Orleans Parish. The trial court ordered the matter transferred to that parish and ordered that the ruling on the exception of lis pendens be deferred for decision by the appropriate court in Orleans Parish. ORH appealed the trial court judgment, arguing that the record on appeal fails to support Tenet's exception of improper venue and that Tenet failed to carry its burden of proving that venue was proper in Orleans Parish.

RECORD ON APPEAL
ORH maintains that this court may only consider the information set forth in the petition to determine venue since no evidence was admitted at the hearing. According to ORH, on the trial of a declinatory exception, evidence may be introduced when the grounds for the exception do not appear from the petition, citation or the return thereon. La. C.C.P. art. 930. ORH contends that Tenet introduced no evidence at all and failed to carry its burden of proving that the concursus involves a sublease of immovable property. ORH further argues that the record on appeal is limited. According to ORH, the only evidence properly before this court regarding a sublease is the allegation in Hibernia's concursus petition that the letter of credit indirectly involves a sublease. ORH maintains that, on appeal, this court cannot consider, as a part of the record, exhibits attached to the exception or other pleadings, including its own answer to the concursus petition. This argument is without merit.
The appellate court shall render any judgment that is just, legal and proper upon the record on appeal. La. C.C.P. art 2164. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings unless otherwise designated. Our Lady of the Lake Hospital v. Vanner, 669 So.2d 463 (La.App. 1st Cir.1995). The pleadings consist of petitions, exceptions, written motions, and answers. La. C.C.P. art. 852. A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. La. C.C. art. 1853. An admission in a pleading falls within the scope of judicial confession and is full proof against the party making it. Smith v. Board of Trustees of Louisiana School Employees Retirement System, 398 So.2d 1045 (La. 1981).
ORH argues that Our Lady of the Lake Hospital v. Vanner, supra, stands for the proposition that the appellate court is not authorized to consider as a part of the record exhibits attached to the exception of improper venue or other pleadings. ORH also urges that Our Lady of the Lake Hospital v. Vanner, supra, prohibits this court from considering its answer to the concursus. Our Lady of the Lake Hospital v. Vanner, supra, dealt with an exception of prescription in a medical malpractice case. In reviewing the trial court decision sustaining the exception, the First Circuit noted that the record included no evidence adduced at the hearing and no transcript. Further, the court stated that it was not authorized to consider as part of the record exhibits or memorandum attached to a peremptory exception which are not filed into evidence and made part of the record on appeal. The court found that the record on appeal, which may properly be considered, includes pleadings. The court in Our Lady of the Lake Hospital v. Vanner, supra, did not find that answers could not be considered by the court on appeal. Pleadings include answers to petitions. La. C.C.P. art. 852. Therefore, we reject ORH's argument that this court may not consider its answer to the concursus as part of the record on appeal.

VENUE
ORH argues that the trial court erred in finding that La. C.C.P. art. 4653(B), dealing with immovable property, governs venue in this dispute. ORH asserts that the general rule for venue in a concursus proceeding, stated in La. C.C.P. art. 4653(A), set forth above, and is applicable in this case. ORH argues that exceptions to general venue rules are in derogation of a common right, must be strictly construed, and the party claiming the *1295 benefit of the exception must bring itself clearly within the exception. Because La. C.C.P. art. 4653(B) is an exception to the general venue requirement in concursus proceedings, ORH argues that Tenet has failed to clearly bring itself within this exception to the general venue provision. This argument is without merit.
At the outset we note that the general venue provision of La. C.C.P. art 4653(A) is similar to La. C.C.P. art 42 containing the "home base" venue provisions. These provisions generally establish the parish of the defendant's domicile as the proper venue in which to bring an action. Exceptions to the general rule are contained in La. C.C.P. arts. 71-85, as well as in La. C.C.P. art 4653(B), in this case. The strict or narrow construction of the codal "exceptions" to the La. C.C.P. art. 42 "general rule" has been tempered somewhat in recent years. See Jordan v. Central Louisiana Electric Company, 95-1270 (La. 6/23/95), 656 So.2d 988, McInnis Brothers Construction Company, Inc. v. Peoples Water Service Company of Louisiana, Inc., 28,216 (La.App. 2d Cir. 1/24/96), 666 So.2d 1323.
A concursus proceeding is defined in La. C.C.P. art 4651 as one in which two or more persons having competing or conflicting claims to money, property or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding. The purpose of a concursus action is to avoid multiplicity of suits, by providing for a single judgment which will finally adjudicate all the issues between all the parties. Hibernia National Bank v. Blossman, 583 So.2d 5 (La.App. 4th Cir.1991), writ denied 589 So.2d 1067 (La.1991).
Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. The general rule of venue is that a person must be sued at his domicile. La. C.C.P. art. 42. Until 1922, the concursus procedure made no definite provisions on the subject of venue, merely specifying that the plaintiff might deposit the funds in the registry of the court having jurisdiction. See Henry G. McMahon, Courts and Judicial Procedure, 15 La. L.Rev. 38 (1954). In Louisiana Oil Refining Corp. v. Williams, 170 La. 218, 127 So. 606 (1930), the court held that a concursus proceeding was an action in rem involving the ownership of the fund deposited and consequently, the proper venue was the domicile of the plaintiff-custodian who owed the money deposited. McMahon, Courts and Judicial Procedure, supra. The practice then developed in mineral rights cases that the concursus proceeding was brought in the parish where the oil well was situated. In Amerada Petroleum Corporation v. State Mineral Board, 203 La. 473, 14 So.2d 61 (1943), where this practice was followed, the court held that the concursus proceeding was properly brought in the parish where the oil well was located, reasoning that the action or transaction from which the concursus proceeding arose was the drilling of and successful completion of the oil well. If it had not been for the performance of that act, there would be no occasion for a concursus proceeding. Therefore, venue for the concursus was proper in the parish where the oil well was drilled.
The predecessor statute to La. C.C.P. art 4653 was former La. R.S. 13:4811. In 1954, that statute was amended to provide that if the money deposited in the concursus is due or claimed to be due on account of any sale, lease, or other transaction affecting or pertaining to immovable property or any character of interest therein, such deposit shall be made in the registry of the district court having jurisdiction of the parish wherein said immovable property is situated. 1954 La. Acts, No. 523. This provision is now found in La. C.C.P. art. 4653(B).
In the present case, we have not considered any exhibits or memorandum attached to the exception of improper venue. However, even excluding from consideration the copy of the 1994 sublease which is attached to ORH's answer to the concursus, the answer by ORH confirms that the action or transaction from which this concursus arises is the sublease of immovable property in Orleans Parish. ORH's answer to the concursus petition establishes that there was *1296 a 1993 sublease of a portion of the F. Edward Hebert Hospital in New Orleans by ORH from NME. This sublease was secured by a letter of credit. The 1993 sublease and letter of credit were superseded by a 1994 sublease and a new letter of credit. That letter of credit was superseded by the 1995 letter of credit at issue here. The 1995 letter of credit was applied for by ORH and issued by Hibernia as a part of an attempted compromise of a series of disputes existing between ORH and Tenet under the 1994 sublease.
Whether Tenet is the proper party to claim the proceeds of the letter of credit, whether the letter of credit is valid, whether the sublease is valid, and whether there has been a breach of the sublease or other agreements concerning the sublease are all issues which go to merits of this concursus proceeding. The sole issue presently before this court is venue. In determining the venue issue, ORH's answer to the concursus petition demonstrates that entitlement to the funds represented by the letter of credit is inextricably interwoven with the sublease of the F. Edward Hebert Hospital in Orleans Parish. Applying the reasoning in Amerada Petroleum Corporation v. State Mineral Board, supra, to the present case, the sublease is the transaction from which this concursus arises. The existence of the sublease is set forth in ORH's answer to the concursus petition. Therefore, venue falls squarely within the provisions of La. C.C.P. art. 4653(B). Entitlement to the proceeds of the letter of credit concerns a competing or conflicting claim for money due or claimed to be due on account of, or otherwise involving a lease or other transaction affecting or pertaining to immovable property or a character of interest therein. Therefore, because the immovable property which is the subject of the sublease is located in Orleans Parish, that is the parish of proper venue in this case.

CONCLUSION
For the reasons stated above, we affirm in all respects the judgment of the trial court sustaining the exception of improper venue brought by Tenet and transferring the matter to Orleans Parish.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, BROWN, STEWART, GASKINS and CARAWAY, JJ.
Rehearing denied.
NOTES
[1] NME is a wholly owned subsidiary of Tenet Healthcare Corporation.
[2] While the 1994 sublease designated the lessor as National Medical Enterprises Hospitals, Inc. (Hospitals), the letter of credit was payable to the benefit of NME.
[3] At some point, ORH established its principal place of business in Bossier Parish, where it is currently undergoing liquidation of the corporation.
[4] ORH also asserted that the letter of credit was issued to the benefit of NME/Tenet, which was not a party to the sublease. (National Medical Enterprises Hospitals signed the 1994 sublease.) Consequently, ORH contends that the concursus proceeding encompasses only the payment of the funds under the letter of credit and does not concern the sublease.