726 So.2d 1052 (1999)
Margie THOMAS, et al., Plaintiffs-Appellants,
v.
Michael J. CONNOLLY and Illinois National Insurance Company, Defendants-Appellees.
No. 31,447-CA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1999.
*1053 Davis Law Office By S.P. Davis, Sr., Alexandria, for Plaintiffs-Appellants.
Lunn, Irion, Johnson, Salley & Carlisle By James A Mijalis and J. Martin Lattier, Shreveport, for Defendants-Appellees.
Before NORRIS, BROWN and CARAWAY, JJ.
NORRIS, Chief Judge.
Sherry Thomas, on behalf of her minor child, Jarviro Cooper, appeals from a judgment of the district court granting an exception of prescription filed by appellants, Michael J. Connolly and his insurer, Illinois National Insurance Company ("Illinois National"), and dismissing the child's amended petition for damages. For the reasons assigned, we affirm.

Facts and Procedural History
On April 4, 1996, a Buick driven by Margie Thomas was involved in an accident with a Ford driven by Connolly in Minden, Louisiana. As a result, on April 3, 1997, Margie Thomas sued Connolly and his insurer, Illinois National. The petition, setting forth a claim only for Margie Thomas's damages, stated that two passengers were also in the car, Margie's daughters, Betty and Sherry Thomas. Nonetheless, over a year and two months after the accident, Margie filed a supplemental and amending petition asserting a claim by Sherry Thomas for damages on behalf of her minor son and Margie's grandson, Jarviro Cooper, alleging that he was an additional passenger in the car. In response, Connolly and Illinois National filed an exception of prescription alleging that Cooper's claim had prescribed and urging that the amended petition should not be allowed to relate back to the date of the filing of the original pursuant to La. C.C.P. 1153.
On February 17, 1998, the district court held a hearing on defendants' exception; only defense counsel appeared. Due to a scheduling conflict, Cooper's attorney chose not to be present and not to request a continuance, instead, submitting the case entirely upon a previously filed opposition memorandum. No other evidence was introduced.[1] Following oral argument by counsel for Connolly and Illinois National and the trial judge's noting of his consideration of the memoranda filed by all parties, the exception was sustained. Following the issuance of a judgment dismissing her son's claims, Sherry Thomas now appeals, arguing that Cooper's claim has not prescribed since it relates back to the original petition filed by Margie Thomas.

Discussion
An amendment adding or substituting a plaintiff relates back to a timely filed petition if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original petition; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; and (4) the defendant will not be prejudiced in preparing and conducting his defense. Giroir v. South La. Med. Center, 475 So.2d 1040 (La.1985). Additionally, if on the face *1054 of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Younger v. Marshall Industries, 618 So.2d 866 (La.1993); Our Lady of the Lake Hosp. v. Vanner, 95 0754 (La.App. 1st Cir.12/15/95), 669 So.2d 463.
Regarding the present case, the trial court determined that all four Giroir elements were not satisfied by the amended petition, specifically noting that the record did not reflect defendants knew or should have known of the involvement of Cooper. On appeal, appellant maintains that defendants knew of the existence of the minor because his name appeared in the accident report and because of correspondence with an adjuster regarding compensation for the minor's claim. It is contended that the omission of Sherry's son from the initial petition was a mistake that should not be penalized.
An appellate court shall render any judgment which is just, legal and proper upon the record on appeal. La. C.C.P. art. 2164. The record on appeal includes the pleadings, court minutes, transcript, jury instructions, judgments, and other rulings unless otherwise designated. Hibernia Nat. Bank v. Orleans Regional Hosp., 28,982 (La. App.2d Cir.11/1/96), 682 So.2d 1291, writ denied, 97-0026 (La.2/21/97), 688 So.2d 513; Our Lady of the Lake Hosp., supra. Even so, facts referred to solely in the arguments of counsel, in brief or otherwise, are not considered record evidence. Ledet v. National Car Rental System, Inc., 96-1270 (La. App. 3d Cir.6/4/97), 694 So.2d 1236; see also, Our Lady of the Lake Hosp., supra; Roy v. Griffith, 306 So.2d 85 (La.App. 4th Cir.1974). In brief in this court and in memorandum to the trial court, plaintiff has referred to an accident report and correspondence to an insurance adjuster which she claims would establish that defendants knew or should have known of Cooper's claim. However, such evidence was neither filed in the record nor attached to the appellant's filings. Thus, it is not record evidence. Ledet, supra; see also, Our Lady of the Lake Hosp., supra.; Roy, supra. Rather than appear and present such evidence at the hearing, plaintiff simply chose to submit the matter on the unsupported memorandum filed with the district court. Thus, the record is devoid of competent evidence showing if and when defendants knew about Cooper and his injuries.[2]
Consequently, the record in the present case provides no basis for finding that defendants knew or should have known of the minor child's claim for damages. This is particularly important in light of the fact that the original petition makes no reference to his potential claims or that he was even a passenger in the vehicle, although, it specifically names two other passengers in addition to Margie Thomas. In the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition. State ex rel. Guste v. Thompson, 532 So.2d 524 (La.App. 1st Cir.1988).
Put differently, plaintiffs simply failed to meet their burden of proof relative to the second element of the Giroir criteria.[3]See, Brown v. City of New Orleans, 580 So.2d 1093 (La.App. 4th Cir.1991); Farber v. U.S. Fidelity & Guar. Ins. Co., 561 So.2d 951 (La.App. 4th Cir.1990) (Records in both cases devoid of evidence showing defendants knew or should have known of newly added plaintiffs); cf. Hudnall v. Volk, 97-573 (La.App. 3d Cir.10/8/97), 702 So.2d 909 (Record contained an accident report and a doctor's report showing defendants knew the newly added plaintiff, a minor child, was in the vehicle and injured at the time of the accident). Herein, the amended and supplemental petition is clearly prescribed on its face *1055 and once challenged by defendant, it was incumbent upon plaintiff to provide competent evidence to show it was not. Yet, plaintiff failed to do so.

Conclusion
For the reasons assigned, we affirm the trial court's judgment granting the peremptory exception of prescription filed by defendants and dismissing the claims asserted in the amended petition of Sherry Thomas on behalf of Jarviro Cooper. Costs are assessed against appellant to the extent permitted by law.
AFFIRMED.
NOTES
[1] The transcript of the hearing reveals that plaintiff's counsel had requested via a faxed letter to the district judge that a memo be filed into the record for consideration on the exception. Initially, we were unable to determine from the colloquy between defense counsel and the judge whether the memo was one that had been previously filed on January 13, 1998 or a separate document possibly containing attached evidentiary documentation in support of plaintiff's argument. However, after this court issued an order requesting that the appellate record be supplemented with the specific memo referred to by the trial judge, the district court forwarded a copy of the letter referred to at the hearing. In that correspondence, Cooper's counsel specifically states: "Rather than request a continuance, we would like to submit for consideration, the Memorandum filed of record on January 13, 1998." Additionally, in response to that same order, appellants submitted another copy of their January 13 memo to this court. Thus, it is now clear that only one memo was submitted by plaintiff.
[2] We acknowledge that defendants did attempt to counter plaintiff's unsupported contentions. In argument before the district court, defense counsel asserted that the alleged correspondence concerning Cooper's injuries was addressed to a different and unrelated insurance company. Indeed, the court acknowledged receipt of a prehearing letter in which plaintiff's counsel conceded this fact to both the court and defense counsel. Defense counsel also contended that the accident report showed that Cooper suffered no injuries. As noted, however, these items were not in the record.
[3] As we find this element of the Giroir test not satisfied, we pretermit any discussion regarding the remaining elements.