McDonald, j.
 James Lamz was declared the winner of the Slidell City Court general election held on November 2, 2004. On November 8, 2004, John B. Wells, an opposing candidate, filed a “Petition for Declaratory Judgment and Equitable Relief’ against the St. Tammany Board of Election Supervisors. Wells’ sole request for relief was that, pursuant to LSA-R.S. 18:1313 I, the trial court order a recount of the absentee votes cast in the November 2nd election.[1]
The trial court held a contradictory hearing on November 9, 2004. On January 3, 2005, a judgment was signed dismissing Wells’ petition with prejudice. The trial court concluded Wells’ request for a recount of the absentee votes was *213 untimely. On December 7, 2004, Wells filed a petition for devolutive appeal.[2]
DISCUSSION
A candidate may seek a recount of absentee votes cast in Ms or her election contest without the necessity of filing an election challenge when such request conforms to the specific requirements of LSA-R.S. 18:1313 I.
The statute is clear that “[t]he deadline for filing a request for recount of absentee ballots shall be the last working day prior to the date of the recount.” LSA-R.S. 18:1313 I(2)(b). The same provision specifies:
|3A11 recounts of absentee ballots shall be held at 10:00 a.m. or following the reinspection of voting machines on the fifth day after the election and at any time ordered by a court of competent jurisdiction. If the fifth day after the election falls on a holiday or weekend, such recount shall be held on the next working day at 10:00 a.m. or following the reinspection of voting machines.
The election was Tuesday, November 2, 2004. The fifth day following the election was Sunday, November 7, 2004; therefore, the recount had to occur by 10:00 a.m. on Monday, November 8, 2004. A timely request for a recount had to be made by Friday, November 5, 2004, the last working day prior to any recount. Wells’ November 8, 2004 request is untimely.
CONCLUSION
The January 3, 2005 judgment is affirmed. All costs of these proceedings are assessed to plaintiff/appellant, John B. Wells.
AFFIRMED.

. Wells filed with this court a motion to supplement the appellate record with a tabulation of the November 2, 2004 election taken from the Louisiana Secretary of State’s Internet website. The motion was referred to the merits and is now denied. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Our Lady of the Lake Hospital v. Vanner, 95-0754, p. 4 (La.App. 1 Cir. 12/15/95), 669 So.2d 463, 465. The motion is denied.

. The record transmitted by the clerk of the trial court named James Lamz as a defendant/appellee. Wells filed with this court a motion to dismiss James Lamz as an appellee in this proceeding. The motion was referred to the merits. Because Lamz is not a party to this litigation, the motion is granted. Lamz's motion for leave to file an amicus curiae brief, also referred to the merits, is granted.