NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0598

ARYANNE H. ORTLIEB

VERSUS

JAMES CHADWICK WEBB

Judgment Rendered: **APR 2 6 2021**

* * * * * * *

On Appeal from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 116,477

Honorable Katherine Tess Stromberg, Judge Presiding

* * * * * * *

Roy H. Maughan, Jr.
Namisha D. Patel
Joshua D. Roy
Baton Rouge, Louisiana

Attorneys for Plaintiff/Appellant,
Aryanne H. Ortlieb


Nicole Tusa Templet
Baton Rouge, Louisiana

Attorney for Defendant/Appellee,
James Chadwick Webb


* * * * * * *


BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**PENZATO, J.**

Aryanne H. Ortlieb appeals a judgment in favor of her ex-husband James Chadwick Webb ordering her to pay child support and calculating arrearages. For the following reasons, we remand this case for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Ms. Ortlieb and Mr. Webb were divorced by judgment signed January 23, 2017. The parties had one child during the marriage, A.L.W., born December 15, 2010. Although the parties did not have an executed judgment related to custody, Mr. Webb had physical custody of A.L.W. for four days out of every nine, based upon his work schedule with the Baton Rouge Fire Department. On May 8, 2017, Ms. Ortlieb filed a rule to set child support. The parties entered into a consent judgment related to child support, signed by the trial court on June 13, 2017, whereby Mr. Webb was ordered to pay to Ms. Ortlieb basic monthly child support of $500.00. The consent judgment stated that Ms. Ortlieb was responsible for any uncovered medical expenses of A.L.W., expenses associated with extracurricular activities, afterschool care and daycare, and expenses of tuition, registration, books, and supply fees required for attending a special or private school, as described in La. R.S. 9:315.6. On January 7, 2018, Ms. Ortlieb was admitted to St. James Behavioral Hospital because of depression and paranoid episodes. On January 11, 2018, Mr. Webb apparently filed an ex parte petition for custody in the Family Court for East Baton Rouge Parish.[1] Following Ms. Ortlieb's discharge from the hospital on January 18, 2018, the parties became involved in litigation regarding the conditions and extent of her visitation with and the custody of A.L.W.

Relevant hereto, on August 7, 2018, Ms. Ortlieb filed a "RULE FOR EX

---

[1] The pleadings filed by Mr. Webb in East Baton Rouge Parish are not contained in the record of these proceedings.

PARTE AND CONTEMPT." Ms. Ortlieb alleged that contrary to court orders, Mr. Webb had withdrawn A.L.W. from Oak Grove Primary School in Ascension Parish ("Oak Grove"), which she had been attending, with the intent to enroll her in the Central School District. Ms. Ortlieb sought an order directing Mr. Webb to immediately re-enroll A.L.W. in Oak Grove and finding him in contempt for willful disobedience of a previous court order. On September 27, 2018, the parties appeared before the court and entered into a stipulation setting the issues of "contempt, child support, and school placement" for trial on October 25, 2018.[2] At the conclusion of the October 25, 2018 hearing, the trial court ordered that A.L.W. remain at Oak Grove and took the child support issues under advisement pending the submission of proof of income.[3]

The trial court held a hearing on August 16, 2019. At that time, the parties entered into a stipulated judgment terminating Mr. Webb's child support obligation retroactive to July 19, 2019. The parties reserved "their individual rights under motions filed previously with the court related to child support, which include [Ms.] Ortlieb's motion for contempt and arrearages and [Mr.] Webb's request to retroactively terminate his child support obligation to the filing date included in the motion for ex parte custody filed January 11, 2018.[4]" Mr. Webb also reserved his request for the return of any child support paid to Ms. Ortlieb included in the motion for ex parte custody filed January 11, 2018.

On November 8, 2019, the trial court issued reasons for judgment and signed a judgment ordering Ms. Ortlieb to pay Mr. Webb $476.33 per month in child

---

[2] The trial court and the parties reference a "Motion to Establish Custody and Ancillary Matters" apparently filed by Mr. Webb on March 9, 2018, which included a judicial demand regarding child support. This pleading is not contained in the record on appeal.

[3] At the beginning of the hearing, the parties indicated that the contempt charges would be dismissed with prejudice.

[4] The motion for ex parte custody filed January 11, 2018 refers to the petition Mr. Webb apparently filed in the Family Court for East Baton Rouge Parish. As noted above, this pleading is not contained in the record on appeal.

support beginning December 1, 2019. The judgment further decreed that Ms. Ortlieb was in arrears with regard to her child support obligation and ordered that she pay Mr. Webb $12,316.55.

Ms. Ortlieb filed a motion for new trial, which was denied by judgment signed February 4, 2020. She then filed this appeal of the November 8, 2019 judgment, arguing that the trial court erred when it calculated child support owed from Ms. Ortlieb to Mr. Webb even though Mr. Webb did not make a demand for child support with the trial court.[5]

## LAW AND DISCUSSION

The general rule in Louisiana is that a child support judgment remains in full force and effect until the party ordered to pay it has the judgment modified, reduced, or terminated by the court. *Haaga v. Haaga*, 2010-1366 (La. App. 1 Cir. 2/11/11), 2011 WL 767097, *3 (unpublished). Louisiana Revised Statutes 9:315.21C provides: Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, **but in no case prior to the date of judicial demand**. (Emphasis added.)

The record in this case is void of any judicial demand by Mr. Webb to either modify or terminate his child support obligation. The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. Thus, on the face of the record before us, there is no legal basis for the trial court's award of child support in favor of Mr. Webb nor its calculation of arrearages.

However, in its reasons for judgment, the trial court indicated that it was terminating Mr. Webb's child support obligation and calculating child support going forward from March 9, 2018, "as that is the date of filing of Mr. Webb's demand for child support in this Court."

---

[5] Ms. Ortlieb also assigned as error the trial court's calculation of the parties' incomes.

As noted above, the record does not contain a pleading filed by Mr. Webb on March 9, 2018. Ordinarily, the inadequacy of a record is imputable to the appellant. *State ex rel. Guste v. Thompson*, 532 So. 2d 524, 527 (La. App. 1 Cir. 1988). However, the inadequacy of an appellate record for which an appellant is responsible cannot operate to the detriment of an appellee. *Id.* Thus, if Mr. Webb filed a demand for child support on March 9, 2018, and Ms. Ortlieb failed to transmit a complete record to us, this inadequacy cannot be used to reverse the judgment awarding Mr. Webb child support. Conversely, if, as contended by Ms. Ortlieb, Mr. Webb did not make a demand for child support, then the November 8, 2019 judgment must be reversed. See *Id.*

The inadequacies of the record prevent us from properly adjudicating this case. In the interest of justice, we remand this case for an evidentiary hearing on the issue of whether Mr. Webb filed a judicial demand to modify or terminate his child support obligation in the trial court. La. C.C.P. arts. 2132 and 2164; see *State ex rel. Guste*, 532 So. 2d at 527; *Our Lady of the Lake Hosp. v. Vanner*, 95-0754 (La. App. 1 Cir. 12/15/95), 669 So. 2d 463, 465-66.

## DECREE

For the above and foregoing reasons, we enter the following orders:

(1) This action is remanded to the trial court, which shall hold an evidentiary hearing to determine whether Mr. Webb filed a judicial demand to modify or terminate his child support obligation in the trial court;

(2) If the trial court finds that such a demand was filed, the record shall be supplemented with the pertinent pleading and returned to this court, reserving to Ms. Ortlieb the right to assign error on this factual determination;

(3) If the trial court finds that no such judicial demand was made, it shall vacate its November 8, 2019 judgment, reserving to Mr. Webb the right to

5

seek a supervisory writ to this court for our review of the factual determination that a judicial demand to modify or terminate his child support obligation was not made, and, in the absence of such, this appeal will be mooted and James Chadwick Webb is cast for costs of this appeal; and

(4) This court shall retain appellate jurisdiction over this case until it is finally decided or this appeal becomes moot.[6]

**REMANDED WITH ORDERS.**

---

[6] Since we have retained appellate jurisdiction, we do not assess costs at this time except as set forth above in paragraph (3).