855 So.2d 984 (2003)
Dr. Carl C. MUSGROVE, II and Allyson M. Musgrove, Plaintiff-Appellants,
v.
GLENWOOD REGIONAL MEDICAL CENTER, et al., Defendant-Appellees.
No. 37,575-CA.
Court of Appeals of Louisiana, Second Circuit.
September 26, 2003.
*985 Law Office of Gregory S. Erwin, LLC, by Gregory S. Erwin, Baton Rouge, for Appellants, Carl C. Musgrove, II and Allyson M. Musgrove.
Snellings, Breard, Sartor, Inabnett & Trascher, LLP, by Charles C. Trascher, III, Monroe, for Appellees, Glenwood Regional Medical Center and Raymond L. Ford.
Hudson, Potts & Bernstein, by Brady D. King, II, Monroe, for Appellees, Emergency Medical Systems Medical Group of Louisiana and Dr. Ralph G. Asbury.
Before BROWN, MOORE and TRAYLOR (Pro Tempore), JJ.
MOORE, J.
Allyson M. Musgrove appeals a judgment sustaining the defendants' exception of prescription and dismissing her claim for loss of consortium arising from the alleged wrongful discharge of her husband, a physician employed in the emergency room of Glenwood Regional Medical Center ("Glenwood"). The district court found that Ms. Musgrove's claim, first raised by *986 an amended petition filed nearly three years after the alleged wrongful discharge, did not relate back to her husband's timely suit for damages. For the reasons expressed, we affirm.
Dr. Carl Musgrove began working in Glenwood's emergency room in the fall of 1997. He received a copy of "Medical Staff Bylaws" adopted by Glenwood in late November 1998, guaranteeing notice and a "fair hearing plan" prior to any adverse employment action against a physician. He alleged, however, that he was abruptly terminated on December 31, 1998, when Glenwood decided to contract with an emergency room services provider. Dr. Musgrove filed suit against Glenwood[1] on December 15, 1998, seeking damages for lost income, injury to his professional reputation, mental anguish and emotional distress.
In April 2000, Glenwood answered that Dr. Musgrove had not been employed by Glenwood but rather by an emergency room services provider, Emergency Services Medical Group of Louisiana PC ("EMS"). Glenwood also alleged plaintiff fault and various statutory immunities.
Represented by new counsel, Dr. Musgrove filed an amended petition on December 14, 2001 joining EMS and Glenwood's emergency room director, Dr. Asbury, as defendants, and seeking reinstatement. The amended petition also joined Ms. Musgrove as a plaintiff. She alleged the same facts and issues as in the original petition but claimed damages for loss of consortium arising out of the defendants' wrongful actions against her husband.
Glenwood filed the instant exception of prescription in October 2002, urging that Ms. Musgrove's claim, filed nearly two years after the original petition and three years after the alleged tort, was prescribed. Glenwood alleged it was unaware of Ms. Musgrove's existence until a deposition on September 11, 2001. EMS and Dr. Asbury later joined this exception. They alleged that Ms. Musgrove could not relate her claim back to her husband's original petition because the defendants neither knew nor should have known of the existence and involvement of Ms. Musgrove, and that joining her would prejudice their defense.
At a hearing on the exception in December 2002, Ms. Musgrove testified that she was a respiratory therapist running the sleep lab at Glenwood when she married Dr. Musgrove on July 19, 1998, and that everybody there knew they were getting married. She further testified that their baby was born at Glenwood on August 26, 1998, and her pediatrician was a member of Glenwood's board of directors. Dr. Musgrove testified that he had worked at Glenwood since September or October 1997; he told Dr. Asbury about his upcoming marriage, and arranged for time off for a honeymoon to Las Vegas.
After taking the case under advisement, the court rendered oral reasons that were not designated as part of the record. The court later signed a judgment sustaining the exception and dismissing Ms. Musgrove's claim. Ms. Musgrove has appealed.
Delictual actions are subject to a liberative prescription of one year; this prescription begins to run from the day injury or damage is sustained. La. C.C. art. 3492. The party pleading prescription bears the burden of proof; however, when the cause of action is prescribed on the *987 face of the petition, the plaintiff bears the burden of rebutting the plea of prescription. Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502; Howard v. Edmon, 35,715 (La.App. 2 Cir. 2/27/02), 811 So.2d 226. Because the alleged tort occurred on December 31, 1998, and the amended petition was filed on December 14, 2001, Ms. Musgrove's claim is prescribed on its face and she must bear the burden of rebutting prescription.
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original petition. La. C.C.P. art. 1153; Thomas v. Connolly, 31,447 (La.App. 2 Cir. 1/20/99), 726 So.2d 1052. An amendment adding or substituting a plaintiff relates back to a timely filed petition if:
(1) the amended claim arises out of the same conduct, transaction or occurrence set forth in the original petition;
(2) the defendant either knew or should have known of the existence and involvement of the new plaintiff;
(3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; and
(4) the defendant will not be prejudiced in preparing and conducting his defense.
Giroir v. South La. Med. Center, 475 So.2d 1040, 1044 (La.1985) (emphasis added); Thomas v. Connolly, supra.
Although the district court's oral reasons for judgment were not made part of the record, the transcript of the hearing on the exception shows that the court was particularly concerned about the second Giroir factor. The court expressed some doubt when Ms. Musgrove's counsel argued that only knowledge of the existence of the new plaintiff was required to make the petition relate back. R.pp. 167-168.
The record amply shows that the defendants knew or should have known of Ms. Musgrove's existence. However, the original petition neither mentioned Ms. Musgrove nor asserted that she sustained any losses from the defendants' conduct. In Giroir, supra, the "facts in the original petition gave defendants notice of, and did not negative, the reasonable possibility that a surviving child of the deceased 55 year old married woman would be entitled to recover as a survivor or wrongful death beneficiary." 475 So.2d at 1045. In the instant case, there is simply no such notice. Even if the defendants have actual knowledge of other persons involved in the tort, there is no relation back unless the original petition gives reasonable notice that these persons will have a claim. Thomas v. Connolly, supra.
Moreover, the jurisprudence is almost uniform that a spouse's loss of consortium claim, raised by amended petition after the prescriptive period has run, will not relate back to an original petition that fails to name the spouse and allege that he or she sustained such damages. Phillips v. Palumbo, 94-1323 (La.App. 4 Cir. 12/15/94), 648 So.2d 40; Morton v. Ray, 91-2663 (La.App. 4 Cir. 12/29/92), 611 So.2d 841, writ denied, 93-0683 (La.4/30/93), 618 So.2d 404; Faraldo v. Hanover Ins. Co., 600 So.2d 81 (La.App. 4 Cir.1992); Poirier v. Browning Ferris Indus., 517 So.2d 998 (La.App. 3 Cir.), writ denied, 519 So.2d 105 (1987); Wood v. Hayes, 524 So.2d 241 (La.App. 5 Cir.1988). In Raziano v. Lincoln Property Co., 520 So.2d 1213 (La.App. 5 Cir.1988), the court allowed relation back to an original petition that did not mention the wife's existence but alleged that the original plaintiff sustained "miscellaneous losses connected *988 with his family life." In the instant case, however, Dr. Musgrove did not allege any damages associated with his family life. Raziano is therefore not a basis for finding a relation back in the instant case.
In short, the district court was not plainly wrong to find that Ms. Musgrove failed to satisfy the second requirement of Giroir to support a relation back of her amended petition.
Ms. Musgrove finally contends that she made a very strong showing that allowing the amended petition to relate back would not prejudice the defendants in any way. Claiming that the only relevant evidencethe testimony of herself and of Dr. Musgroveis still readily available, she urges that she satisfied the fourth requirement of Giroir. Because of her failure to satisfy the second requirement, we need not address this contention. We would note, however, that "the filing of a new cause of action by a new plaintiff long after prescription has run are all factors which weigh in favor of a conclusion that defendants will be prejudiced by allowing the amendment to relate back." Phillips v. Palumbo, 648 So.2d at 42. One commentator has stated that "allowing the consortium claim after the prescriptive period has run will usually be prejudicial." William B. Hidalgo, Comment, Relation Back of Consortium Claims: A Search for Facts and Notice, 49 La. L.Rev. 1089, 1103 (1989) (emphasis added). Under the circumstances, we will not disturb the findings of the district court.
For the reasons expressed, the judgment sustaining the exception of prescription is affirmed. Costs are assessed to the appellant, Allyson M. Musgrove.
AFFIRMED.
BROWN, C.J., dissents with written reasons.
BROWN, C.J., dissenting.
The controlling law is set forth in La. C.C.P. art. 1153, which provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
The majority opinion recites a wooden, mechanical test; however, C.C.P. art. 1153, which codified prior jurisprudence, represents a shift away from rigid notions of form to a more functional concept phrased in terms of the underlying "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings." Article 1153 requires only that the amending petition be factually related to the conduct, transaction, or occurrence originally alleged.
Where the original complaint was timely but an amendment adding a plaintiff or defendant is filed after the statute of limitation has expired, article 1153 relates the amendment back to the date of the original pleading. This results in a confrontation with statutes of limitation.
The relation back rule favors decisions on the merits and rejects an approach that considers pleading as a game of skill in which one misstep may be decisive. The jurisprudence seeks to balance the policy of facilitating resolution of claims on the merits by liberally permitting amendment of the pleadings, and the policy underlining the statute of limitationsto guarantee essential fairness to defendants by ensuring that they receive notice of the claim within a reasonable time and are not impaired in their defense by evidence lost or diminished in its clarity by the passage of time. See Giroir, supra; Moore's Federal Practice § 15.15[4-2].
*989 The majority speaks of notice but recognizes that the concepts of notice and prejudice are intertwined. The majority opinion then presumes prejudice. This is contrary to the philosophy behind C.C.P. art. 1153. In this case there is no prejudice, that is, a denial of the opportunity to obtain evidence necessary to defend against the consortium claim. As long as the original complaint gives defendant adequate notice, an amendment relating back is proper, even if it exposes defendant to greater damages. Prescription is suspended by the filing of the lawsuit because the legal claim warns defendant to collect and preserve his evidence. Defendant knows that the whole transaction will be sifted through, by amendment if need be.
This court should take an over-all view of the case. The amendment adding plaintiff's wife does not change the legal theory or the facts as set forth in the original and timely filed complaint. It works no injustice on any party and, in particular, does not prejudice defendant. I recognize that how long plaintiff waited to add his wife as a party is a significant factor to consider. In this case, however, when viewed in light of the reality that defendant has not suffered any surprise or additional burden, it is not controlling.
NOTES
[1] Also named as defendant was Glenwood's president and CEO, Raymond L. Ford, who is aligned with Glenwood in all pleadings.