992 So.2d 1059 (2008)
Rebecca BOQUET, on Behalf of her Minor Daughter, Candace BILLIOT
v.
SWDI, LLC and Calvin Frank.
No. 2007 CA 0738.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
*1061 Warren A. Perrin, Lafayette, Louisiana, and Louis R. Koerner, Jr., Houma, Louisiana, for Plaintiff/Appellant, Rebecca Boquet, on Behalf of Her Minor Daughter, Candace Billiot.
Wayne R. Maldonado, Halima N. Smith, Metairie, Louisiana, for Defendants/Appellees, SWDI, LLC and Calvin Frank.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McDONALD, J.
The widow of a pedestrian struck and killed by a garbage truck appeals the dismissal of her cause of action for her husband's wrongful death on the grounds of prescription. For the following reasons, we affirm.

FACTS AND PROCEDURAL BACKGROUND
On September 8, 2003, Jason Billiot was walking on Louisiana Highway 316 in Terrebonne Parish, and was killed when he was struck by the pickup bar of a garbage truck owned by SWDI, L.L.C., and driven by its employee, Calvin Frank. Mr. Billiot was the father of a minor daughter, Candace Billiot, whose mother is Rebecca Boquet. He was married to Tina Carson Billiot at the time of his death, but the couple was apparently estranged.
On September 3, 2004, Rebecca Boquet filed suit on behalf of her daughter, seeking damages for the wrongful death of Candace's father. On February 22, 2005, Ms. Boquet and Tina Carson Billiot filed an amended petition for damages, adding Ms. Billiot as a new plaintiff and alleging that she and Mr. Billiot were married on September 2, 2000, and had no children.
On March 8, 2005, the defendants filed a peremptory exception of prescription, asserting that Ms. Billiot's cause of action was prescribed and further alleging that Candace never lived with Ms. Billiot and that there was no legal relationship between them. The trial court heard the exception on April 19, 2005, and ruled that it would sustain the exception, allowing the plaintiffs thirty days to amend their petition to remove the grounds of the exception. Its judgment sustaining the exception and allowing amendment of the petition was signed on May 6, 2005.
On June 20, 2005, the plaintiffs filed a second amended petition, adding allegations that Ms. Billiot was Candace's stepmother and that the defendants knew or should have known of Ms. Billiot's existence and status following the accident.[1] The plaintiffs also added a survival action for damages for the decedent's pain and suffering prior to his death.
*1062 On July 26, 2005, the defendants filed their answer to the plaintiffs' petition, incorporating a peremptory exception raising the objections of no cause of action, no right of action, and prescription. Due to ongoing discovery efforts and related motions, the hearing on the defendants' exceptions was not held until December 18, 2006. The trial court again sustained the exception, and its judgment on the exception, prepared by the defendants' attorney, was signed on January 3, 2007. The judgment, however, did not provide for dismissal of Ms. Billiot's cause of action.
The plaintiffs obtained an order for a devolutive appeal on February 2, 2007. On May 1, 2007, the defendants answered the appeal, seeking modification of the trial court's judgment to provide that Ms. Billiot's cause of action be dismissed with prejudice.
On May 9, 2007, this court ordered the parties to show cause why the appeal should not be dismissed, as lacking appropriate decretal language disposing of or dismissing Ms. Billiot's cause of action. On July 24, 2007, we remanded this matter to the trial court for the signing of a supplemental judgment remedying that oversight. The trial court signed the supplemental judgment on August 9, 2007, providing for the dismissal of all of Ms. Billiot's claims, and we therefore maintained this appeal.[2]
On June 11, 2007, the plaintiffs filed a motion in this court to strike certain portions of the defendants' brief, referring to portions of the deposition testimony of Ms. Billiot and Candace, also attached as exhibits, on the grounds that the depositions were not part of the trial court record. The disposition of the motion was referred to the merits of the appeal.

STANDARD OF REVIEW
If evidence is introduced at the hearing on the peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Carter v. Haygood, 04-0646, p. 9 (La.1/19/05), 892 So.2d 1261, 1267. The trial court's legal conclusions, however, are reviewed by the appellate court de novo, without according them any deference. See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582, p. 9 (La.11/29/06), 943 So.2d 1037, 1045. In reviewing a peremptory exception raising the objection of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Onstott v. Certified Capital Corp., 05-2548, p. 4 (La.App. 1st Cir.11/3/06), 950 So.2d 744, 747.

DISCUSSION

Motion to Strike
Rule 2-12.13 of the Uniform Rules of the Louisiana Courts of Appeal provides that appellate briefs that fail to comply with the Uniform Rules "may be stricken in whole or in part by the court." Rules 2-12.4 and 2-12.5 require the parties to give "accurate citations of the pages of the record," and also provide that the appellate court may disregard the argument of a party on any assignment of error "in the event suitable reference to the record is not made."
Although referred to as an exhibit in a reply memorandum filed on December 5, 2006, the deposition of Ms. Billiot does not appear in the record. On appeal, the defendants contend that the deposition excerpts *1063 were "referenced and discussed" at the hearing of their original peremptory exception of prescription. Our review of the transcript of that hearing confirms that although the defendants' attorney paraphrased the deposition testimony in argument, the deposition excerpts were not offered in evidence at that time. Other than the description of Ms. Billiot's deposition as an exhibit in the defendants' reply memorandum, there is no indication or even suggestion that they were ever filed in the record, introduced into evidence, or presented in any fashion to the trial court. Further, the defendants have not sought to supplement the record with any omitted portion of the record. See La. C.C.P. art. 2132.
The court of appeal is not a court of original jurisdiction, and cannot receive new evidence or exhibits. Guilbeau v. Custom Homes by Jim Fussell, Inc., 06-0050, p. 5 (La.App. 1st Cir.11/3/06), 950 So.2d 732, 735. Thus, it was improper for the defendants to attempt to supplement the record by attaching to their brief documents not filed in the trial court record or offered in evidence. Similarly, it was improper to refer to such evidence in their brief. We therefore grant the plaintiffs' motion to strike those portions of the defendants' brief referring to the excerpts of the depositions of Ms. Billiot and Candace Billiot.

Peremptory Exception of Prescription
Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiffs claim has prescribed, the burden shifts to the plaintiff to demonstrate prescription was interrupted or suspended. Kirby v. Field, 04-1898, p. 4 (La.App. 1st Cir.9/23/05), 923 So.2d 131, 135, writ denied, 05-2467 (La.3/24/06), 925 So.2d 1230. The defendants emphasize that Ms. Billiot's claim was prescribed on the face of the petition, given the date of filing of the amended petition, and therefore she bore the burden of proof that her claim was not prescribed.
Louisiana Code of Civil Procedure article 1153 sets out the requirements for giving retrospective effect to an amended petition:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
This article does not refer to parties, but to claims or actions. Louisiana Civil Code article 2324 provides that interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors. Thus, the addition of additional defendants in a suit will relate back to the date of the original if the defendants are joint tortfeasors. However, there is no legislative pronouncement involving the addition of plaintiffs with the idea of "relating back." This concept is a jurisprudential creation. In Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La. 1985), the supreme court established four criteria that must be satisfied in order to allow for the addition of plaintiffs to an original timely filed petition:
[A]n amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) *1064 the defendant will not be prejudiced in preparing and conducting his defense.
Id. at 1044.
"The jurisprudence supporting Ray[3] and Giroir is unequivocal in requiring that all four elements be met before an amendment which adds or substitutes a plaintiff should be allowed to relate back." Delmore v. Hebert, 99-2061 (La.App. 1st Cir.9/22/00), 768 So.2d 251, 253.
The action for damages asserted by Ms. Billiot in the amended petition arose out of the same accident and alleged conduct of the defendants set forth in the original petition filed by Ms. Boquet on behalf of Candace. Therefore, the first Giroir element has been satisfied.
The second element is whether the defendant knew or should have known of the existence and involvement of the new plaintiff. Ms. Billiot introduced evidence, in the form of local newspaper articles relating to the accident, Jason Billiot's obituary and SWDI, L.L.C.'s subscription to the newspaper. The mere fact that a party subscribes to a local newspaper in which an obituary appears, does not seem a fair basis for finding that the defendants had notice that Mr. Boquet was married to Tina and does not satisfy the knowledge of her existence as a new plaintiff. Further, it does not address the issue of "involvement" by the new plaintiff. The supreme court utilized the terms "existence and involvement". Both must be satisfied. There is no showing whatever of any involvement by Tina Billiot.
In Musgrove v. Glenwood Regional Medical Center, 37,575 (La.App. 2 Cir. 9/26/03) 855 So.2d 984, 987, the second circuit stated that "[e]ven if the defendants have actual knowledge of other persons involved in the tort, there is no relation back unless the original petition gives reasonable notice that these persons will have a claim." In that case an emergency room physician filed a petition against the hospital for damages allegedly sustained when he was terminated from his employment. His wife was employed at the same hospital as a respiratory therapist, had married the physician while she was employed by the hospital, gave birth to their child at the defendant hospital, and their pediatrician was on the hospital's board of directors. An amended petition was filed three years after the original petition claiming a loss of consortium by the wife. While there is absolutely no question that the hospital knew of the existence of the wife, the second circuit held that her claim did not relate back and was prescribed. The Musgrove court quotes Giroir as follows:
"facts in the original petition gave defendants notice of, and did not negative, the reasonable possibility that a surviving child of the deceased 55 year old married woman would be entitled to recover as a survivor or wrongful death beneficiary." 475 So.2d [at] 1045. In the instant case, there is simply no such notice. Even if the defendants have actual knowledge of other persons involved in the tort, there is no relation back unless the original petition gives reasonable notice that these persons will have a claim.
Musgrove, 37,575, 855 So.2d at 987.
Not only is there no notice here to the defendant that she might have a claim, the existence of Ms. Billiot is much less evident. Failure to meet this element is sufficient to preclude allowing the amendment to relate back to the original timely filing. Additionally, it is doubtful that the third element is met.
Candace Boquet is the stepdaughter of Tina Billiot. While still married at the *1065 time of Jason's death, Tina and Jason were estranged and had only been married for about three years. She did not have a long term relationship as a step-mother. Tina failed to prove any significant, close, familial relationship between her and Candace as envisioned by Giroir. There is no showing of a relationship that could be characterized as close family members who have a special close legal relationship even in the absence of a blood or affinity connection. Delmore v. Hebert, supra. While a step-parent relationship may meet the requirements of Giroir, this one does not. The Giroir court did not suggest that the relationship was between the decedent and the plaintiff; the concern is that the substituted party is not wholly new or unrelated to the old plaintiff.
The fourth prong of Giroir has also not been met. While Ms. Billiot's cause of action was set forth in an amended petition filed five and a half months after the filing of the timely-filed original petition and presents the same claims as the original plaintiff, this is not the measure of what should or should not be allowed to relate back. If it were, the court in Scott v. Haley, 632 So.2d 793 (La.App. 1 Cir. 1993) would have been wrong. In that case, the original plaintiffs amended the petition to add an additional cause of action, not an additional plaintiff. Thus, the amended petition complied with the provisions of art. 1153. Even though Boquet and Billiot both assert claims for the wrongful death of Jason, the evidence presented by the daughter will most assuredly be different than that presented by the spouse. This will surely present challenges to the defendant in properly and adequately asserting a defense.
As previously mentioned, all four of the Giroir factors must be met in order for the claim to relate back to the filing of the original petition. Delmore v. Hebert, supra. The plaintiff has satisfied the first, but none of other three have been met. The lack of any one of them defeats her claim of relating back.
We hold that the plaintiffs' amended petition filed on February 22, 2005, adding Tina Carson Billiot as a plaintiff, does not relate back to the filing of the original petition, and that her cause of action is prescribed. The judgment of the trial court is affirmed with costs assessed against the appellant.
ANSWER TO APPEAL DISMISSED AS MOOT; MOTION TO STRIKE PORTIONS OF BRIEF GRANTED; AFFIRMED.
GAIDRY, J., dissents and assigns reasons.
McCLENDON, J., concurs and assigns reasons.
GAIDRY, J., dissenting.
I respectfully dissent, as it is my conclusion that Ms. Billiot's cause of action is not prescribed.
At the trial of a peremptory exception of prescription, evidence may be introduced to support or controvert the defense of prescription, if its grounds do not appear from the petition. See La. C.C.P. art. 931. Here, the trial court's entire record of the proceedings, including the exhibits attached to the parties' memoranda, were introduced into evidence without objection. If hearsay documents are admitted into evidence without objection, they may properly be considered part of the record in an appeal from a judgment on a peremptory exception of prescription. Kirby v. Field, 04-1898 p. n. 8 (La.App. 1st Cir.9/23/05), 923 So.2d 131, 137 n. 8, writ denied, 05-2467 (La.3/24/06), 925 So.2d 1230.
The action for damages asserted by Ms. Billiot in the amended petition arose out of *1066 the same accident and alleged conduct of the defendants set forth in the original petition filed by Ms. Boquet on behalf of Candace. The original petition filed by Ms. Boquet gave fair notice of the "general fact situation out of which the amended claim arises." See Gunter v. Plauche, 439 So.2d 437, 440 (La.1983). Additionally, the conduct, transaction, or occurrence giving rise to Ms. Billiot's demand or the object of her claim remained unchanged by the amendment, which only added her as a plaintiff. See Gunter, 439 So.2d at 441. Thus, under the strict language of article 1153, Ms. Billiot established a prima facie case for her claim to relate back under the first element of Giroir v. South La. Med. Ctr., 475 So.2d 1040 (La.1985).
The record shows that Ms. Billiot introduced sufficient evidence, in the form of local newspaper articles relating to the accident and Jason Billiot's obituary and SWDI, L.L.C.'s subscription to the newspaper, to support a finding of constructive notice of Ms. Billiot's potential claim. Additionally, there is no evidence in the record that demonstrates that the defendants will suffer any legally significant prejudice in preparing and conducting their defense. Ms. Billiot's cause of action was set forth in an amended petition filed five and a half months after the filing of the timely-filed original petition. Thus, the second and third elements of the Giroir analysis favor allowing the amended petition to relate back. The crux of this case therefore hinges upon the third element of the Giroir analysis.
The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof. Giroir, 475 So.2d at 1045. Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and supplemental party, amendment should be allowed and excepted from the interests intended to be protected by the prescriptive statutes. Reese v. State Dep't of Pub. Safety & Corrections, 03-1615, p. 6 (La.2/20/04), 866 So.2d 244, 248-49, citing Baker v. Payne & Keller of La., Inc., 390 So.2d 1272, 1275 (La.1980), and Albert Tate, Jr., Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 234 (1969).
There has been a marked increase in the number of divorces, multiple marriages, and children born outside of marriage over the last several decades, resulting in extended family and step-family relationships. Thus, in considering the primary class of beneficiaries under La. C.C. art. 2315.2, the concept of a "nuclear family including the deceased," as discussed in Giroir, should seemingly be given a broad interpretation. See Giroir, 475 So.2d at 1045. For purposes of a wrongful death action brought under that article's authority, the decedent forms the nucleus of that family, with the decedent's spouse and children occupying equal legal status within the orbit of the primary class of beneficiaries.
In my view, the requisite "identity of interest" between the original and new plaintiffs must ultimately be determined by focusing upon those parties' legal relationships to the decedent, rather than upon their personal relationships to each other. It is the former that determines each party's right of action and respective class of beneficiary under La. C.C. art. 2315.2; the latter relationship, whether by blood or by remarriage, is simply a consequence of the first. The wording of La. C.C. art. 2315.2 is clear, and I cannot interpret Giroir to require consanguinity, legal adoption, a legal obligation of support, or subjective considerations of mutual affection between a *1067 spouse and stepchild in order for a wrongful death claim by one of those parties to relate back. The requisite "identity of interest" between the new and old plaintiffs is satisfied by the parties' common beneficiary class, in turn based upon their independent, equally-ranked legal relationships with the decedent. In short, a decedent's spouse, although a stepmother, should be considered "sufficiently related" to the decedent's child, her stepchild, under the third element of the Giroir analysis.
I must conclude that the plaintiffs' amended petition filed on February 22, 2005, adding Tina Carson Billiot as a plaintiff, relates back to the filing of the original petition, and that her cause of action is not prescribed. This conclusion accords with the general principles of strict construction of prescriptive statutes and liberal construction of pleadings so as to do justice. See La. C.C.P. art. 865. Amendment of pleadings plays a central role in assuring that the pleadings are not an end in themselves, but only the means of properly presenting the case for full judicial resolution on the merits. Ray v. Alexandria Mall, 434 So.2d 1083, 1086 (La.1983). Ms. Billiot should be accorded her day in court.
McCLENDON, J., concurs and assigns reasons.
I do not believe Musgrove to be applicable to the facts herein, which more closely mirror the facts in Giroir. I further disagree with the analysis regarding the fourth prong in Giroir. Nevertheless, I agree with the result reached by the majority.
NOTES
[1] The defendants moved to dismiss the second amended petition as untimely, but the trial court ultimately denied that motion.
[2] The trial court's supplemental judgment granted the defendants the procedural relief sought in their answer to the appeal, so we will dismiss the answer to the appeal as moot.
[3] Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983).