KUHN, J.
 

 1 gPlaintiffs-appellants, Jennifer and Frank Caminita, appeal the trial court’s judgment, which sustained a peremptory exception raising the objection of peremption urged by defendants-appellees, Regina and Barney Core, as the builders of the Caminitas’ new home, based on the conclusion that the periods of limitations set
 
 *21
 
 forth in the New Home Warranty Act
 
 [1]
 
 provide the exclusive prescriptive periods for their claims for damages resulting from a defect in the home, specifically, the installation of “Chinese drywall.” We affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 On November 23, 2009, the Caminitas filed a petition for breach of contract, warranty, and damages, naming the Cores as defendants. According to the allegations of the petition, on April 11, 2007, they purchased a new home in Franklinton, Louisiana, from the Cores. The Caminitas moved into their new home in May 2007 and soon began to experience problems with the air conditioning system. They notified the Cores as the builders of their home that they believed the house contained contaminated drywall. Subsequently, the Caminitas assert, they began to experience additional problems with blackened copper wiring and faulty appliances as well as negative effects to their health. The Caminitas allege that “Chinese drywall” was installed into their home by the Cores and that it is the cause of the physical damages and personal injuries they have sustained.
 

 On September 1, 2009, the Caminitas sent a letter to the Cores by registered mail, advising them of the defects in their new home and providing the Cores a treasonable opportunity to remedy the defects but to no avail. They then filed this lawsuit.
 
 [2]
 

 The Cores filed a peremptory exception objecting to the Caminitas’ petition on the basis of peremption. After a hearing, the trial court signed a judgment, sustaining the exception and dismissing the Camini-tas’ claims against the Cores. The Cami-nitas appeal.
 

 DISCUSSION
 

 An objection of peremption is a peremptory exception. La. C.C.P. art. 927 A(2). Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception.
 
 Raudo v. Anco Insulations Inc.,
 
 2008-1163, p. 20 (La.5/22/09), 16 So.3d 1065, 1082. Peremption has been likened to prescription; namely, it is prescription that is not subject to interruption or suspension.
 
 Id.; see also
 
 La. C.C. art. 3461 (providing that peremption may not be renounced, interrupted, or suspended). As such, the rules governing the burden of proof as to prescription apply to peremption.
 
 Rando,
 
 2008-1163 at p. 20, 16 So.3d at 1082.
 

 If prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed.
 
 Spott v. Otis Elevator Co.,
 
 601 So.2d 1355, 1361 (La.1992). When no evidence has been introduced at a hearing on an exception of prescription, all allegations of the petition are to be accepted as true.
 
 Louisiana Employers-Managed Ins. Co. v. Litchfield,
 
 2001-0123, p. 3 (La.App. 1st Cir.12/28/01), 805 So.2d 386, 388.
 

 |4In reviewing a peremptory exception raising the objection of prescription, appellate courts strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished.
 
 *22
 

 Reggio v. E.T.I.,
 
 2007-1433, p. 4 (La.12/12/08), 15 So.3d 951, 954;
 
 Boquet ex rel. Billiot v. SWDI, LLC,
 
 2007-0738, p. 4 (La.App. 1 Cir. 6/6/08) 992 So.2d 1059, 1062,
 
 writ denied,
 
 2008-2086 (La.9/4/09), 17 So.3d 958.
 

 As the builders of the new home, the Cores contend that the Caminitas’ claims are perempted under La. R.S. 9:3144 A(l). Specifically, they urge that the one-year (and thirty days) peremptive period
 
 [3]
 
 applies to the Caminitas’ claims of defective drywall.
 

 La. R.S. 9:3144 provides in relevant part:
 

 A. Subject to the exclusions provided in Subsection B of this Section, every builder warrants the following to the owner:
 

 (1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards ....
 

 (3) Five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
 

 The Caminitas do not dispute that the one-year time limitation of La. R.S. 9:3144 A(l) has elapsed but suggest that the five-year time period contained in Subsection A(3), addressing major structural defects, is the applicable limitation. LAs such, they urge that their petition filed on November 23, 2009, for claims arising from major structural defects in the home they agreed to purchase on April 11, 2007, is timely.
 

 La. R.S. 9:3143, providing definitions for the New Home Warranty Act, includes the following relevant provisions:
 

 (5) “Major structural defect” means any actual physical damage to the following designated load-bearing portions of a home caused by failure of the load-bearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable:
 

 (a) Foundation systems and footings.
 

 (b) Beams.
 

 (c) Girders.
 

 (d) Lintels.
 

 (e) Columns.
 

 (f) Walls and partitions.
 

 (g) Floor systems.
 

 (h) Roof framing systems.
 

 The Caminitas urge that based on the allegations of their petition, their home has sustained a major structural defect in the walls and partitions. Their petition includes the following pertinent allegations of fact:
 

 The drywall itself is defective and an inferior product compared to domestic-made drywall, and thereby renders the walls to the Property defective. Further, the drywall causes damage to other building elements, such as what is commonly referred to as the “building studs.” ...
 

 
 *23
 
 The Chinese Drywall is not suitable for its intended use, is inherently defective, and causes actual physical damage to the walls and partitions of the ... Property, affecting the function of the walls and | (¡partitions to the extent that the home becomes unsafe, unsanitary or otherwise unlivable....
 

 The presence of inferior drywall in the home constitutes a major structural defect to load bearing portions of the home.
 

 Thus, they urge, on the face of the petition, their claims have not been perempt-ed, having been filed within the five-year time limitation contained in La. R.S. 9:3144 A(3). We disagree.
 

 A close scrutiny of the allegations of their petition alongside the relevant portions of the definition of “major structural defect” set forth in La. R.S. 9:3143(5) shows that the Caminitas have indeed averred “physical damage” and that they have alleged that physical damage is to “the ... [wjalls and partitions” of their home. They may have also asserted that the alleged physical damage “affects [the walls’ and the partitions’] load-bearing functions” because the petition contains the allegation that “the drywall causes damage to other building elements, such as what is commonly referred to as the ‘building studs.’” And we clearly recognize they have claimed that the alleged physical damage affects the load-bearing portions of the walls “to the extent that the home becomes unsafe, unsanitary, or is otherwise unlivable.” But lacking from the allegations of the Caminitas’ petition is a claim that the alleged physical damage to “the ... [w]alls and partitions” of their home was
 
 “caused by failure of the load-bearing portions.”
 

 Reading their petition as favorably to the Caminitas as possible, we note that the only reference to any load-bearing portion of the walls or partition is the allegation that “the drywall causes damage to other building elements, such as ... the ‘building studs.’ ” Notably, they have not alleged that the building studs are already damaged. They do not assert that the physical damage to the walls and 17partitions was caused by the building studs themselves or by any failure of the building studs. We further note the Cami-nitas neither alleged in their petition nor introduced any evidence at the hearing on the exception that the sheet rock (dry wall) was load-bearing.
 
 See
 
 La. R.S. 9:3144 A(3) and 9:3143(5). As such, their petition does not aver a major structural defect as defined in La. R.S. 9:3143(5) so as to fall within the five-year time period of La. R.S. 9:3144 A(3).
 

 Accordingly, the trial court correctly sustained the peremptory exception raising the objection of peremption and dismissed the Caminitas’ claims against the Cores. The allegations of the petition established that the contaminated “Chinese drywall” is a defect in materials or workmanship subject to the one-year limitation of La. R.S. 9:3144 A(l). Having filed their lawsuit over two years after they entered into a purchase agreement with the Cores, the Caminitas’ claims have been perempt-ed under the New Home Warranty Act.
 

 DECREE
 

 For these reasons, the trial court’s judgment is affirmed. Appeal costs are assessed against plaintiffs-appellants, Jennifer and Frank Caminita.
 

 AFFIRMED.
 

 [1]
 

 . See La. R.S. 9:3142.
 

 [2]
 

 . The Caminitas named unidentified parties in their original petition, including the supplier of the drywall products and the subcontractor who installed the drywall. By an amendment to their petition, they also added their homeowners' insurer, Farmers Insurance Company. Interior Exterior Building Supply, L.P. has filed a third-party demand in this lawsuit, naming various Knauf entities as third-party defendants.
 

 [3]
 

 .
 
 See
 
 La. R.S. 9:3146, which provides, "Any action to enforce any warranty provided in this Chapter shall be subject to a peremptive period of thirty days after the expiration of the appropriate time period provided in R.S. 9:3144.” The parties do not dispute that after the tolling of thirty days, the time periods set forth in La. R.S. 9:3144 are peremptive rather than prescriptive.
 
 See
 
 La. C.C. art. 3458 (noting that unless timely exercised, the right subject to the time limitation is extinguished upon expiration of the peremptive period).