GUIDRY, J.,
dissents, and assigns reasons.
|tI respectfully dissent from the majority’s holding today that the plaintiff sufficiently proved the existence of a “major structural defect” within the meaning of the New Home Warranty Act (NHWA), so as to fall within the five-year warranty period for such defects.
La.Rev.Stat. 9:3144(A)(3) provides as follows:
Five years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials and workmanship not regulated by the building standards.
The NHWA defines a “major structural defect” as “any actual physical damage to the following load-bearing portions of a home caused by failure of the load-bearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable.... ” La.Rev.Stat. 9:3143(5). ‘Walls and partitions” are designated as “load-bearing portions of a home.” La.Rev.Stat. 9:3143(5)(f). Thus, to establish a warranty claim premised on a “major structural defect,” the plaintiff must establish (a) actual physical damage to a designated load-bearing portion of the home, (b) that this damage was caused by a failure of the load-bearing portion of the home, and (c) that this damage affected the load-bearing functions of the designated load-bearing portion of the home to the extent 1 {.that the home became unsafe, unsanitary, or otherwise unlivable. See Caminita v. Core, 10-1961 (La.App. 1 Cir. 5/6/11), 66 So.3d 19, writ denied, 11-1172 (La.9/16/11), 69 So.3d 1149.
In the instant case, the trial court made the factual determination that “[t]he stucco exterior of the home was not properly applied and sealed, allowing water to come into contact with the walls and accumulate between the stucco and the walls.” The trial court also found that this accumulation of water caused the oriented strand board (OSB) nailed to the wall studs to rot and that the OSB served a structural purpose. The trial court then found that this water accumulation had “caused the load-bearing studs themselves to begin to rot and will slowly over time, cause them to rot.” Finally, the trial court determined that these conditions were due to noncompliance with the building standards.
What the court of appeal correctly recognized, in my view, is that the trial court never made the factual determination that the actual physical damage, i.e., the rot, to the load-bearing studs, or even the OSB, was “caused by failure of the load-bearing portions” of the home. Indeed, the trial court could not have done so because, as the court of appeal found, the record contains no evidence the “actual physical damage” to the walls and building studs was “caused by failure of the load-bearing portions.” The majority, in my view, errs in dismissing as irrelevant the testimony of the plaintiffs expert that the stucco and the moisture-resistant barrier are not themselves load-bearing. The trial court, as the court of appeal noted, made no finding that either the stucco exterior or the moisture barrier were load-bearing. Instead, the majority reasons that, because the NHWA neither defines a “wall,” nor limits the portions of a wall that may be considered “load-bearing portions,” and because the stucco exterior and the moisture barrier are surely component parts of a “wall,” “there is no additional requirement that the failed component of the wall also be load-bearing.” Op., p. 919.
| sThe majority’s interpretation, in my view, expands the scope of the warranty protection intended by the legislature (to *922 “promote commerce in Louisiana by providing clear, concise and mandatory warranties for the purchasers and occupants of new homes in Louisiana”). La.Rev.Stat. 9:3141. Such an interpretation will lead to absurd results, contrary to La. Civ.Code. art. 9, as demonstrated by the instant case. Here, the majority implicitly recognizes the record contains no evidence to support a finding that any actual physical damage to the designated load-bearing portion of the home was in fact caused by a failure of that load-bearing portion of the home. Instead, as the court of appeal reasoned, at most the plaintiff established there were defects in workmanship, that is, in the application of the stucco exterior and the underlying moisture barrier, even though these defects, left uncorreeted, ultimately caused actual physical damage to a load-bearing portion of the home affecting its load-bearing function. To put it another way, there has been no showing the wall studs were defective at the time they were constructed; instead, they began to rot only because of water intrusion allowed by the defective workmanship during the installation of the stucco veneer and moisture barrier. Thus, the plaintiffs claims of defective workmanship, brought more than four and a half years following the warranty commencement date, were subject to the one-year warranty set forth in La.Rev. Stat. 9:3144(A)(1) and the thirty-day per-emptive period following the expiration of that warranty as provided in La.Rev.Stat. 9:3146. Accordingly, I would affirm the court of appeal’s judgment.